SULLIVAN & MILLER, Respondent, v. W. J. REDMOND, Defendant, BAMBRICK-BATES . CONSTRUCTION COMPANY, Appellant.

**St. Louis Court of Appeals, December 4, 1900.**

1. **Justice's Court: CONFESSION OF JUDGMENT: REQUESTS OF: STATUTORY CONSTRUCTION.** It is a substantial compliance with the requisites of section 4006, Revised Statutes 1899, and is a sufficient confession of judgment on the part of the defendant when the defendant, in open court, personally comes before the justice and files the following written confession in favor of plaintiffs, to-wit: "I, W. J. Redmond, do hereby confess judgment in favor of plaintiff, Sullivan & Miller, for merchandise had and received in the sum of $287.47."

2. ———: ———: ———. Section 4006, Revised Statutes 1899, does not mean that the justice must formally announce the opening of his court for the trial of causes set upon his docket, before he can take a confession and enter judgment.

3. **Justice's Court, When Open: CONFESSION OF JUDGMENT, CLASSIFICATION OF.** A justice's court is always open, without formal announcement, for the conduct of ex parte proceedings, under which classification confessions of judgment are included.

Appeal from the St. Louis City Circuit Court. —*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*T. J. Rowe* and *Hiram Moore* for appellant.

The alleged judgment by confession from Redmond to Sullivan & Miller was a nullity, because—(a)   The defendant did not personally appear before the justice in open court;   (b)   The confession was not filed with the justice. R. S. 1899, Sec. 4006.   The courts will scan, with careful eye, judgments by confession, and this section of the statute has been construed with great strictness.   Burr & Co. v. Mathers, 51 Mo. App. 470; Loth v. Faconesowich, 22 Mo. App. 68.

*C. M. Lane* for respondents.

Pleadings before a justice of the peace should be liberally construed.   Mooney v. Williams, 15 Mo. 442; Weese v. Brown, 102 Mo. 299.   Strictness of averments and technical precision in pleadings before a justice of the peace are not required.   Quinn v. Stout, 31 Mo. 160; McCartney v. Auer, 50 Mo. 395.

BOND, J.—The finding of facts made by the judge of the circuit court, to whom this cause was submitted for decision, is supported by the evidence and is adopted as a correct statement of the proceedings and trial in the lower court, to-wit:

"On the fifteenth day of June, 1899, plaintiff obtained a judgment by confession from the defendant, Redmond, in the justices court for the fifth district of the city of St. Louis, which judgment by confession is as follows:

"T. J. Sullivan and W. A. Miller, doing business as
    Sullivan & Miller,
            v.   (No. 104—June.)
W. J. Redmond.

"On the fifteenth day of June, 1899, in open court, personally came before me the defendant, W. J. Redmond, and

filed the following written judgment in favor of plaintiffs, Sullivan & Miller, to-wit: 'I, *W. J. Redmond*, do hereby confess judgment in favor of plaintiff, Sullivan & Miller, for merchandise had and received, in the sum of $287.47.' It is therefore considered by the justice that plaintiff, Sullivan & Miller, recover from the defendant, W. J. Redmond, in the sum of $287.47, their claim, as per confession of judgment heretofore stated, together with the costs of the case. Execution issued to Constable George Stinebaker on the fifteenth day of June, 1899.

　　(Signed.)　　　　　　"Robert Walker, Justice."

There was no paper filed by the defendant, Redmond, with the justice, excepting the confession contained in the foregoing judgment itself, which was signed upon the record of the justice by the defendant, W. J. Redmond, in person, as indicated in the foregoing copy of the judgment by a line drawn under his name. An execution was issued a few moments after the judgment was entered, and delivered to the constable, as indicated by the entry at the close of the judgment, at 2:45 p. m., June 15, 1899. Following this last entry is the signature of Robert Walker, Justice. The entry of the confession of judgment was made in the presence of the justice, although the court at that time was not in session for the purpose of trying cases. The entry was made after the session for trial of cases had adjourned. There were no other entries made on that day upon the docket in which the name, "Sullivan & Miller," appeared. The execution was issued in favor of "Sullivan & Miller," and the indorsements thereon and all subsequent proceedings in the cause (including the garnishment proceeding) were had in the name of "Sullivan & Miller." The individual names of Sullivan & Miller appear nowhere, except upon the caption of the docket entry above set out, of the judgment by confession.

On the foregoing execution, garnishment proceedings were instituted against the Bambrick-Bates Construction Company, which company appeared; a trial was had in the justice's court, and an appeal taken, from the judgment therein rendered, to this court.

At the time of the service of the garnishment the Bambrick-Bates Construction Company was indebted to the defendant, W. J. Redmond, for work and labor performed in stripping a quarry of earth, which work and labor were performed under a written contract which set out the specifications and provided that the work should be approved by an engineer named therein, and that payment was not to be made until such approval was obtained. The plaintiff in this case proceeded against the garnishee for the value of the work and labor performed by Redmond in stripping the quarry upon a *quantum meruit*, the work not having been accepted under the contract; and, upon the trial in this court, it was established that the garnishee owed the defendant, Redmond, on a *quantum meruit* the sum of $500, a sum in excess of the judgment obtained by plaintiffs against the defendant, Redmond, which judgment was for the sum of $287.47.

"Upon the foregoing statement of facts, I find in favor of the plaintiffs and against the garnishee for the sum of $287.47, with interest from the date of the filing of the garnishee's answer, to-wit, June 21, 1899, at the rate of six per cent per annum, amounting to $10.11, the total amount of the judgment and interest being $297.58 and costs." Defendant appealed to this court from the above judgment, and assigns for error, first, that the judgment by confession was a nullity; second, that the debt garnished is not one subject to that process. The solution of the first assignment of error depends upon the answer to the question whether the justice

entering the confession of judgment had jurisdiction so to do. The statute regulating his power in the premises, is to wit: "No confession shall be taken or judgment rendered thereon, unless the following requisites be complied with: First, the defendant must personally appear before the justice in open court; second, the confession must be in writing, signed by the defendant, or by some person by him thereto lawfully authorized, and filed with the justice" (R. S. 1899, sec. 4006). The facts attending the confession show a substantial compliance with the statutory requirement that it should be in writing, signed by the defendant, and filed with the justice. The only other requirement is that "the defendant must personally appear before the justice in open court," at the time the confession was made. The confession was made in the presence of the justice and by writing and subscribing it upon the justice's docket. The above statutory requirement does not mean that the justice must formally announce the opening of his court for the trial of causes set upon his docket, before he can take a confession and enter judgment thereon. Such a proceeding involves no trial, is had without notice, and requires only the presence of the justice in his court and the appearance in person of defendant, and the filing with the justice of a properly signed confession. It would be wholly unreasonable to superadd the requirement, that the justice at the time of the confession must be holding court for the transaction of other business. His court is always open, without formal announcement, for the conduct of ex parte proceedings, under which classification confessions of judgment are included as legitimately as is the issuance of writs and process. Hence it must be held under the findings made by the circuit judge of the facts attending the entry of the confession of judgment that it was not void for want of jurisdiction in the justice.

Neither can the position that the garnished indebtedness was exempt from that writ, be sustained under the finding of facts made by the circuit judge. These show that the garnishee was sought to be held for the reasonable value of services rendered by the execution debtor. That form of redress was open to the execution debtor for the unpaid work and labor rendered by him in certain excavations at the request of the garnishee. To the extent of just compensation for such work the garnishee was directly liable to the execution debtor, and he was therefore subject to garnishment.

Finally it is insisted that the denial of the garnishee's answer, which stands in lieu of a statement of the cause of action against the garnishee, is totally insufficient. No particular defects are pointed out in the brief of appellant in support of this point. The denial is sufficient to apprise the garnishee of the nature of the demand and to bar a second action therefor. It is only essential that a statement before a justice should have this effect. The judgment herein is accordingly affirmed.

All concur.